Aguiar, J.
This appeal raises the issue of whether additional attorney’s fees should have been awarded to plaintiff after the court’s allowance of plaintiff’s Dist./Mun. Cts. R. Civ. R, Rule 56 motion for summary judgment. We find the courfs refusal to award additional attorney’s fees was error.
This is an action whereby plaintiff seeks to collect unpaid condominium fees lawfully assessed against defendant, as well as all costs of collection of such fees including reasonable attorney’s fees. The plaintiff moved for summary judgment in the amount of $4704.60 on the basis that there existed no genuine issue as to any material fact. Plaintiff’s memorandum in support of its motion for summary judgment stated that the common area expenses, late charges, legal fees and costs have accrued to the amount of $4704.60 as of June 15,1993 and continue to accrue. The court allowed the motion for summary judgment and judgment was entered on August 11,1993 for the plaintiff in the amount of $4704.60.
The complaint sought an order for the sale of real estate pursuant to G.L.c.254, §5A, but the court’s judgment did not include such order. Plaintiff subsequently filed a motion for sale of real estate and additional attorney’s fees in the amount of $3830.13. The court partially allowed the motion by amending the judgment to include an order for sale. However, the request for additional legal fees in the amount of $3830.13 was not allowed.
The condominium by-laws and M.G.L.c. 183A, §6 provide that when a condominium owner fails to pay lawfully assessed condominium fees, he shall be personally liable for all sums assessed including reasonable attorney fees. Baker v. Monga, 32 Mass. App. Ct. 450 (1992). Accordingly, the trial judge should have entered an order assessing additional attorney fees for the additional legal services incurred after June 15,1993.
The trial judge awarded the plaintiff exactly what was requested in the motion for summary judgment and in the accompanying memorandum of law. The memorandum of law specifically included attorney’s fees and requested the same amount mentioned in the motion for summary judgment. The Memorandum states, “See Verified Complaint Since that date, common area expenses, late charges, legal fees and costs have continued to accrue to the amount of $4704.60 as of June 15, 1993, and continue to accrue.” On June 15, 1993 the legal fees amounted to approximately $1418.20. More legal services were preformed after the motion for summary judgment to end this matter.
The plaintiff filed an affidavit of attorney’s fees owed ($1418.20) up to June 15, *44 1993 (Exhibit A). Any subsequent request for additional attorney’s fees (affidavit filed August 20,1993) covering the same period of time (up to June 15,1993) is late and discretionary with the court. Plaintiff cannot keep increasing the legal fees covering the same period of time which have already been approved by the Court.
Plaintiff is entitled to the reasonable and necessary legal fees required subsequent to June 15,1993 to complete the resolution of this matter. The court’s denial of those attorney’s fees subsequent to June 15, 1993 was error. The case is remanded to the trial court for an assessment of reasonable and necessary attorney’s fees incurred subsequent to June 15,1993.
So ordered.